IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT MONTGOMERY, ALABAMA

RECEIVED

2007 NOV 27 A 9: 46

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

D C ECHOLS,  VS  STATE OF ALABAMA
Petitioner,        Respondent,

2:07CV1043-MHT

ON APPEAL FROM THE CIRCUIT COURT AND APPEALS
COURT'S OF THE STATE, MONTGOMERY, ALABAMA

**BRIEF AND ARGUMENT OF PETITIONER**

**D C ECHOLS**
**165602, B-144A**
**P. O. Box 56**
**Elmore, Alabama 36025**
**(Pro Se)**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES CITED                    II

STATEMENT OF FACTS/CASE                       III-V

ISSUES FOR REVIEW                             VI

STANDARD OF REVIEW                            VII

ARGUMENT                                      1-6

CONCLUSION                                    7

CERTIFICATE OF SERVICE                        7

I.

## TABLE OF AUTHORITIES CITED

Ex Parte White,  792 So.2d 1097, 1098 (Ala. 2001)
Reed v. State, 748 So.2d 231, 233 (Ala. Cr. App. 1999)
Nutter v. White, 39 F.3d 1154 (11th Cir. 1994)
Sullivan v. Louisiana, Supra
Ex  Parte Seymour, 946 So.2d 536 (Ala. 2001
Ex Parte Lewis, 811 So.2d 485 (Ala. 2001)
Mitchell v. State, 777 So.2d 312 (Ala. Cr. App. 2000)
Jones v. State, 724 So.2d 75 (Ala. Cr. App. 1998)
Ex Parte Casey, 852 So.2d 175 (Ala. 2002)
Sharpe v. State, 340 So.2d 885 (Ala. Cr. App. 1976)
Ross v. State, 529 So.2d 1074, 1078 (Ala. Cr. App. 1988)
Manson v. State, 349 So.2d 67 (Ala. Cr. App.) Cert denied 349 So.2d 86 (Ala. 1977)
Crews v. State, 306, 112 So.2d 805 (Ala. App. 1959)
Edwards v. State, 480 So.2d 1259 (Ala. Cr. App.) Cert denied. 480 So.2d 1264 (Ala. 1985)
Code of Alabama (1975), section 15-8-90(4)
Alabama Rules Criminal Procedure, section 15.5
Code of Alabama (1975) 13A-1-9(A)
C.P. v. State, 579 So.2d 246 (Ala. Cr. App. 1992)
Hutcherson v. State, 441 So.2d 1048, 1052 (Ala. Cr. App. 1983)
Seales v. State, 581 So.2d 1188 (Ala. Cr. App. 1980)
Garrick v. State, 589 So.2d 760 (Ala. Cr. App. 1991)
Ex Parte Washington, 571 So.2d 1062 (Ala. 1990)
Allen v. State, 472 So.2d 1122 (Ala. Cr. App. 1985)
Code of Alabama (1975) 13A-6-63(A)(1)
Code of Alabama (1975) 13A-6-60(2)
Code of Alabama (1975) 13A-6-66(A)(1)
Code of Alabama (1975) 12-21-227
Cox v. State, 462 So.2d 1047 (Ala. Cr. App. 1985)
Elder v. State, 494 So.2d. 922 (Ala. Cr. App. 1986)
Davis v. State, 682 So.2d 519 (Ala. Cr. App. 1996)
Ash v. State, 843 So.2d 213, 216 (Ala. 2002)
U. S. v. Gayle, 967 F.2d 483 on Remand
Winship, 397 US 358, 364, 25 L.ed 2d 368, 90 Sct 1068 (1970)
United States v. Watson, 669 F.2d 1374, 1391 (11th Cir. 1982)
Rose v. Clark, 478 U.S. 570, 106 S.ct. 3101, 92L.Ed 2d 460 (1986)

II.

## STATEMENT OF FACTS/CASE

Petitioner is an inmate within the Alabama Department of Corrections, serving a Twenty-one (21) years sentence for a violation of the Code of Alabama (1975), Sec. 13A-6-63(a)(1), Sodomy First Degree by forcible compulsion, against alleged victim Fifteen Half (15 1/2 year old Michelle Ferrell.

In May of 1991, Petitioner was arrested on said charge as well as a lesser offense of, Sexual Abuse, First Degree. On August 15, 1991, counsel and Petitioner agreed to a plea hearing on the charge of, "Sexual Abuse First Degree" Case No. CC-91-1861, before the Hon. William Gordon, after stating the facts of the alleged crime, the Hon. Court dismissed the lesser offense stating:  The incident in question did not merit the charge, Case No. CC-91-1861 was dismissed.

The same month, August 27, 1991, counsel informed his client that a new judge had taken over his case, and that he had a plea of not guilty and waiver of arraignment for his client to sign, Petitioner signed said document healing to counsel advice. (R.40).

Trial date was set for October 21, 1991, with Petitioner being represented by counsel, Jeffery W. Smith, with the new judge, Honorable H. Randall Thomas presiding. Before trial was to begin at 9:00 a.m., presiding judge called a meeting in his private chambers to address the issue of not charging jury with lesser included offense, with counsel and deputy D.A. agreeing with trial court decision, (R. 3,4) trial began at 9:00 a.m.

On October 22, 1991, Petitioner was found guilty of said offense, Sodomy First Degree, sentencing was set for November 15, 1991, in which Petitioner was sentenced to Twenty-One years in the State Penitentiary. It was also order that the Petitioner pay a restitution in the sum of, Seven Hundred Forty-One Dollars and Sixty cents ($741.60), court costs, Attorneys Fees and Fifty Dollars ($50.00) to the crime victim's compensation fund. (R.35, R.24).

Also, on November 15, 1991, trial counsel filed a Motion To Withdraw. In this Motion, he

III.

asserted, inter alia, that counsel had lost the confidence of his client and continued representation would be counter productive and disruptive to both Appellant and counsel (R49,50). said motion was granted on January 7, 1992, and the Hon. Robert Turner, was appointed by the trial court to serve as counsel for Petitioner on appeal (R. 51, 52).

On February 3, 1992, Appellant counsel file a written Notice of Appeal (R. 57). Said Appeal was denied 1992.

On Fourteenth (14) day of June 1993, petition filed a Rule 32 Post-Conviction remedy addressing the issues of ineffectiveness of trial counsel. That bargaining his clients rights to not charge jury with lesser offenses was ineffective assistance of counsel at trial level... Also, counsel was ineffective for failing to object to state calling Petitioner spouse to testify against her husband, Code of Alabama (1975), Section 12-21-227, advicing her of her rights. That the Appellant counsel was also ineffective for not raising meritorious claims.

These issues were denied and dismissed with "perjudice." On October 12, 2006, Petitioner filed his second Rule 32 Post-Conviction remedy, in the Circuit Court, "only," raising the following issues. Did Trial Court "err" in omitting the emergency room records and the Doctor's report of alleged victim examination (R.35). These reports were entered as Exhibits (A and B) at (R. 35, 78, 84) both clearly indicated no evidence of sexual abuse had been found. The transcript records shows no documents of these reports, and Petitioner contended that trial court withheld these Exhibits from the jury's deliberation for their consideration (R. 18). Also, Petitioner alleged that trial court had "erred" in failing to advice Petitioner's spouse of her rights of the Code of Alabama (1975), Section 12-21-227.

These issues were, summarily dismissed, pursuant to Rule 32.7(d) A.R.Cr. P., on December 6, 2006. On December 29, 2006, Petitioner filed his current Rule 32 Post-Conviction remedy, alleging that; the trial court was without jurisdiction to render judgment or to impose sentence, under Rule 32.1(b), by

IV.

the use of an Invalid Indictment. Also, trial court's jury instruction were inappropriate and misleading by statute for indictment to hold title as being a "True Bill."

After trial court receiving argument and oppositions the trial court ruled: "It is the finding of this court that Petitioner's claims are procedurally barred under 32.2(b) as a successive petition and his petition is precluded by the statute of limitations under Rule 32.2(c), and summarily dismissing petition under 32.7(d) on the Twenty-six (26th) day of February 2007." Petitioner then on March 5, 2007, filed with the Clerk, (Circuit Court) a Notice to Appeal to the Alabama Criminal Court of Appeals.

On June 22, 2007, the Criminal Appeals Court ruled in an unpublished Memorandum, "Affirming the trial court's decision" and specifically stating," the validity of an indictment is "irrelevant" to a Circuit Court's subject-matter jurisdiction. "Additionally, stating:" All of the Petitioner's claim were nonjurisdictional."

Petitioner on June 27, 2007, filed an application for rehearing, showing conflict with the court's ruling as well with Alabama Supreme and Federal Court's earlier decisions on the same point of law. Request for rehearing was overruled on July 13, 2007.

On July 19, 2007, a petition for Writ of Certiorari was filed with the Alabama Supreme Court by Petitioner.

On November 9, 2007, by Certificate of Judgment, Writ Denied, with cobb, C.j. recuses herself.

V.

**ISSUES FOR REVIEW**

I

The Trial Court was without jurisdiction to render judgement or to impose sentence, by use of Invalid

Indictment, specifically,

[A] Failing to include necessarily lesser included offense.

[B] Failing to include ages of defendant and alleged victim, to prove forcible compulsion.

[C] Failing to state the nature of the act (crime) that was suppose to have been committed.

[D] Indictment Case Number, CC-91-1861, was for lesser included offense, Section 13A-6-66, not for

Section 13A-6-63 Code of Alabama 1975.

II

Trial Court erred in its oral instructions to jury, where all essential elements are required by statute for

indictment to hold the title of a "True Bill."

VI.

## **STANDARD OF REVIEW**

The standard of review applicable to the Circuit Court dismissal of Appellant's Post-Conviction remedy, Rule 32 CC-91-1861, was without merit. The conclusion of Circuit Court to summarily dismiss under Rule 32.7(d). As a successive petition Rule 32.2(b) and statute of limitations under Rule 32.2(c) was abuse of that court's discretion.

That the Court of Criminal Appeals affirming the Circuit Court's decision in an unpublished memorandum stating; all of Appellant's claim were nonjurisdictional, was abuse of that court's discretion. Specifically, stating; pursuant to Ex Parte Seymour, (the validity of an indictment is "irrelevant" to a Circuit Court's subject-matter jurisdiction.) Case No. (CR-06-0962).

The Supreme Court of Alabama, November 9, 2007, by Certificate of Judgment, <u>Writ Denied</u>. On November 14, 2007, the Criminal Court of Appeals, Judicial Department, Affirmed the earlier Judgement by memorandum, only.

VII.

## ARGUMENT IN SUPPORT

### Trial Court was without Jurisdiction To Render Judgement Or To Impose Sentence, Rule 32.1(b)

Comes now the Petitioner, D C Echols by and through himself, (pro-se) and contends that the Court of Criminal Appeals Judgement is in direct conflict with prior ruling of this court and that court's earlier decision. The judgement of the Criminal Court of Appeals, unpublished Memorandum (pg. 2) listed that all of Appellant's claims are nonjurisdictional and time barred by Rule 32.2(b), as secessive and by Rule 32.2(c) beyond the limitations period, that Appellant failed to sufficiently plea the facts, Rule 32.3 (A.R.C.P.), that specifically, pursuant to Ex parte Seymour, 946 So.2d 536 (Ala. 2006), "The validity of an indictment is "irrelevant" to a Circuit Court's subject-matter jurisdiction."

Appellant asserts that, his petition is to the contrary of Seymour, because Seymour was only convicted of the lesser mental culpable state, his argument supported the lesser mental culpable state and the court's ruling means; a mental culpable state is not an essential element of that particular crime, only pertaining to that particular case. Whereas, this court's review of Seymour, was granted under Ex parte Lewis, 811 So.2d 485 (Ala. 2001), as a jurisdictional claim.

Thereby, in Petitioner's claim is much to the contrary of that in Seymour, Petitioner quoted; Ash v. State, 843 So.2d 213, 216 (Ala. 2002), which states; a valid Indictment is the source of the subject-matter jurisdiction to try a contested criminal case. By this ruling, subject-matter jurisdiction is what gives court's powers to decide a case or issue a decree. Also, in Black's Law Dictionary 867 (8th Ed. 2004), subject-matter jurisdiction concerns a court's power to decide certain types of cases. Wolff, 175 Ala. at 303, 57 So. at 755 ("by jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought."

Wherefore, Appellant's claim are jurisdiction and that trial court was without jurisdiction to decide Petitioner's case or issue a decree. That trial court denial of Appellant Rule 32, Post-Conviction

1.

remedy is abuse of that court's discretion. Appellant court affirming trial court decision is abuse of that court's discretion, and both court's ruling is without merits. Issues dealing with jurisdictional issues falls within the exception  provided under Rule 32.2 (A.R.C.P.), for claims arising under Rule 32.1 (b), (A.R.C.P.). In Mitchell v. State, 777 So.2d 312 (Ala. Cr. App. 2000), this court quoted under common law; jurisidictional claims are not precluded on petition for Post-Conviction relief by the limitations period or by the rule against successive petitions. Also SEE, Jones v. State, 724 So.2d 75 (Ala. Cr. App. 1998), and Ex parte Casey, 852 So.2d 175 (Ala. 2002.

Thereby, Petitioner asserts that his claims are jurisdictional and the trial court was without jurisdiction to render judgement or to impose sentence, under Rule 32.1(b). and the following claims are hereby presented for review:

[A] Indictment is failing to include the necessarily lesser included offense....

Indictment that is failing to include the elements of and offense necessarily included in the elements of a greater offense if proof necessary to establish the greater offense will of necessity establish every element of the lesser offense, a defendant may be convicted of an offense included in an offense charged. Code of Alabama (1975), section 13A-1-9, subsection (1)(A)(1). Also quoting section 13A-1-9 is Sharpe v. State, 340 So.2d 885 (Ala. Cr. App. 1976), states, where all elements of an offense separate from offense charged are present in or included among elements of charged offense, such separate offense is a lesser included offense for which defendant may be convicted, though acquitted of the offense charged. In C.P. v. State, 597 So.2d 246 (Ala. Cr. App. 1992), this court explain; Indictment failing to include the necessarily lesser included offense which is necessarily included in the elements of the greater offense and therefore, it would be impossible to commit the greater offense without committing the included offense.

The Court's in Alabama has shown the essential format of lesser included offenses. In Seales v. State,

2.

581 So.2d 1188 (Ala. Cr. App. 1980), states; the State failed to aver necessarily lesser included offense

in the indictment, and the trial court failed to instruct the jury on lesser included offenses. SEE also,

Hutcherson v. State, 441 So.2d 1048-1052 (Ala. Cr. App. 1983), Garrick v. State, 589 So.2d 760 (Ala.

Cr. App. 1991).

[B] Indictment is failing to include ages of victim and defendant, the essential elements of forcible

compulsion.

 Appellant asserts, the essential element of forcible compulsion is an element of both, first

and second degree that the state is required to prove, which requires   proof of a certain age of the victim

that necessarily distinguishes these two (2) offenses and makes them separate and distinct crimes. In Ex

parte Washington, 571 So.2d 1062 (Ala. 1990), explains; Second Degree Rape was lesser included

offense of  First Degree Rape where the defendant was indicted for engaging in sexual intercourse with

female by forcible compulsion and facts that State would have brought forth to prove forcible

compulsion would include ages of defendant and victim, if case had gone to jury, defendant would have

been entitled to jury instructions on Second Degree Rape.

    In  the case of  Ross v. State, 529 So.2d 1074 - 1078 (Ala. Cr. App. 1988), quoting Section

15-8-25,  Manson v. State, 349 So.2d 67 (Ala. Cr. App.) cert denied, 349 So.2d 86 (Ala. 1977). The

indictment must state the facts constituting the offense in ordinary and concise language in such a

manner as to enable a person of common understanding "neither a solomon nor a simpleton," to know

what is intended. In Allen v. State, 472 So.2d 1122 (Ala. Cr. App. 1985), explains in concise language;

Rape in the Second Degree was not a lesser included offense of Rape in the First Degree, since Rape

in the First Degree required  proof that victim was less than 12 years old, while Rape in Second Degree

 required proof that victim was less than 16, but more than 12 years old. Because of this difference, you

cannot commit Second Degree Rape while committing First Degree Rape. SEE commentary to

3

13A-1-9, Code of Alabama (1975).

[C] Indictment is failing to include the type of act to support the violation of 13A-6-63, deviate sexual intercourse.

Petitioner contends, that said indictment reads: that the defendant, did engage in deviate sexual intercourse with Mitchell Ferrell, by forcible compulsion, in violation of section 13A-6-63 of the Code of Alabama. (1975).

Whereas, said indictment fails to state a specific type of act of deviate sexual intercourse as described in the Code of Alabama (1975), section 13A-6-60(2), which gives a more specific definition of the types of acts proscribed; deviate sexual intercourse, any act of sexual gratification between persons not married to each other involving the sex organs of one person and the mouth or anus of another. Thereby, indictment is failing to state any type of gratification, (anal or oral) the most important element of the alleged crime. In U.S. v. Gayle, 967 F.2d 483 on Remand, states; Rule that conviction will

not be upheld if indictment does not set forth essential elements of and offense serves two purposes: it informs defendant of nature and cause of accusation as required by the Sixth Amendment of the Constitution: and it fulfills the Fifth Amendment's indictment requirements, insuring that a grand jury will only return an indictment when it finds probable cause to support all necessary elements of the crime. Accordingly, Petitioner contends, alleged victim never accused Petitioner of any acts of sexual intercourse.

[D] Indictment is further "invalid" for failing to state the correct charge for Case Number (CC-91-1861).

Evidence in support of this claim is found, (R-40) of the court's documents, (Transcript). Trial court abused its authority in amending the proper charge of said indictment. Under Rule 15.5(A.R.C.P.), effective March 1, 1983, subsection (A), reads as follows: Amendment of charge; A charge may be

4.

amended by order of the court with the consent of the defendant in all cases except to change the offense or to charge new offenses not included in the original indictment, information or complaint. At common law, and indictment could not be amended as to a matter of substance without the consent of the grand jury. Crews v. State, Ala. App. 306, 112 So.2d 805 (1959). This common law rule is reflected by Rule 15.5 since 15-8-90, Code of Alabama (1975), (4) also reflects this common law rule, Crews, and is supplanted by Rule 15.5, Edwards v. State, 480 So.2d 1259 (Ala. Cr. App.) cert denied, 480 So.2d 1264 (Ala. 1985). This was a structural defect and it underminded the integrity and fairness of the trial process itself. Rose v. Clark, 478 U.S. 570, 106 S.ct. 3101, 921 L.Ed.2d 460 (1986). This error can never be harmless.

Furthermore, it is a structural error that deprived the Appellant of a fundamentally fair trial. Consequently Appellant conviction and sentence is illegal in this instant underlying case and due to be reversed pursuant to Sullivan v. Louisiana, supra, and Nutter v. White, 39 F.3d 1154 (111th Cir. 1994).

## GROUND TWO (2)

Trial Court "erred" in its oral instructions to jury, by failing to charge on all the essential elements required by statute, for indictment to hold title of a "True Bill"...petition asserts that trial court's jury instructions was inappropriate and misleading by statute. That P.J. failing in describing essential element of lesser included offense, necessarily included in the elements to prove indicted offense, "beyond a reason doubt." In Cox v. State, 462 So.2d 1047 (Ala. Cr. App. 1985), states: A defendant's guilt to be proved beyond a reasonable doubt to jury, is jurisdictional. SEE also, Elder v. State, 494 So.2d 922 (Ala. Cr. App. 1986). Reasonable Doubt - jurisdictional error, Davis v. State, 682 So.2d 519 (Ala. Cr. App. 1996).

In Garrick v. State, 589 So.2d 1048-1052 (Ala. Cr. App. 1991), states: Failing to included the necessarily lesser included offense which is necessarily included in the elements of the greater offense

5.

and therefore, it would be impossible to committ the greater offense without committing the included offense.

Furthermore, trial court's P.J., failed in describing the essential element "forcible compulsion," which is the age factor and the difference between First and Second Degree charges of crimes against nature, as quoted in, Ex parte Washington, 571 So.2d 1062 (Ala. 1990). Trial court further erred in failing to describe a specific type of act that warrants, "Deviate Sexual Intercourse". The Code of Alabama (1975), sec. 13A-6-60(2), proscribes the type of acts required, if trial court would have explained these elements, Petitioner would have never been found guilty of this offense.

Petitioner contends, trial court's failure to instruct the jury on the essential elements proscribed by statute, was a "manifested miscarriage of justice." It denied the Petitioner, his right's to a, "fair and impartial trial as proscribed in the Sixth (6) Amendment, and "due process" Fifth (5) Amendment and also, denied Petitioner, his Fourteenth (14) Amendment of the Constitution. In RE Winship, 397 US 358-364, 25 L.Ed. 2d 368, 90 S.ct. 1068 (1970), states: The due process clause requires the government to prove beyond a reasonable doubt, every element of the crime with which the defendant is charged. If the government fails to sustain its burden of proof , the defendant must be acquitted. The due process clause places on the prosecution the burden of persuasion, on every element of the crime charged. Only rarely does the burden shift to the defendant. Any shifting of the burden must withstand Constitutional scrutiny. (Equal Protection).

Whereas, Petitioner contends, the jury instructions given were confusing and erroneous, allowed the jury to base its findings of guilty upon a subjective-feeling rather than upon the required elements to support the indicted offense.

Thereby, the verdict rended, would seriously affect the fairness, integrity an public reputation of the judicial proceedings. United States v. Watson, 669 F.2d 1374-1391 (11th Cir. 1982).

6.

Furthermore, in the Attorney General response (Standard of Review) states: The Standard of Review of trial court's denial of a Rule 32 petition, is abuse of discretion. Reed v. State, 748 So.2d 231-233 (Ala. Cr. App. 1991). "When the facts are undisputed and an Appellant Court is presented with pure questions of law, that court's review in a Rule 32 proceeding is de novo." Ex parte White, 792 So.2d 1097-1098 (Ala. 2001).

Copy of indictment and a copy of (R. 40) plea of not guilty and waiver of arraignment, entered as Exhibits (A and B), for this courts review and proof of, to support "Evidence of injustice."

## CONCLUSION

Petitioner concludes that, the adjudication of "Guilty" upon the offense of Sodomy First Degree, can not stand in accordance with the argument contained herein.

Accordingly, the Petitioner requests that this Honorable Court reverse the decision of the lower court's and remand with instructions to enter a judgement of Acquittal; or, in the alternative, "Grant Petitioner a new trial," in accordance with the established law in the State of Alabama, as out-lined herein, or any other relief as Petitioner may be entitled.

## CERTIFICATE OF SERVICE

I hereby certify that I have this 26 day of November, 2007, served a copy of the foregoing, upon the following, by placing a copy of the same in the U.S. Mail, Postage Prepaid and properly addressed;

Clerk,
United States District Court
P. O. Box 711
Montgomery, Alabama 36101

Respectfully Submitted,

DC Echols

7.

91-1861-TH

GJ NO. __137__  WAT 039

# THE STATE OF ALABAMA

v.

D. C. ECHOLS

M, 06/15/57, 28 2nd St

O. 00405062 ARREST DATE _____

FOR

SODOMY I

'

## A TRUE BILL

*James Addison*

Foreperson of Grand Jury

_____

No Prosecutor

_____

BAIL IN THIS CASE IS FIXED AT

$    5,000

_____
[Judge] of Circuit Court of Montgomery County

CC NO. _____

---

Presented in open Court by the Foreperson of

the Montgomery County Grand Jury in the

presence of ____15____ other members of

the Grand Jury and filed this __16__ day of

__Aug__, 19 91

*Debra P. Hackett*

Clerk of the Circuit Court of Montgomery County

CASE No: WAS for 13A-6-66, (R.40) Plea of not
guilty And WAiVER of ARRAignMENT

---

## WITNESSES

G. L. Lumpkin, MPD

Jackie Jackson, DHR

Jean Wright, 4956 Birmingham

Dr. Decaro, Wk: Humana Hosp.
              301 S. Ripley

Cpl. Headley, MPD

*Exhibit A-continued*

38

*Copy*

# THE STATE OF ALABAMA

## MONTGOMERY COUNTY

Circuit Court of Montgomery County, _____ August _____ Term. A. D. 19_91_

The Grand Jury of said County charge that before the finding of this indictment,

D. C. ECHOLS,

*Alleged victum*

*15½ year old Michelle Ferrell*

whose name is otherwise unknown to the Grand Jury, did engage in deviate

sexual intercourse with Michelle Ferrell, by forcible compulsion, in

violation of Section (13A-6-63) of the Code of Alabama,

*no-lesser included offense*
*No-Age of victum nor defendant-forcible Compulsion*
*No-Nature of the type of Act committed*
*Trial Court's oral charge on essential elements, Misleading*
*and inappropriate by Statute.*

*"Invalid Indictment"*

against the peace and dignity of the State of Alabama.

*Charles A. Graddick*

District Attorney, Fifteenth Judicial Circuit of Alabama

COPY

40

*Exhibit B*

| State of Alabama<br>Unified Judicial System | **PLEA OF NOT GUILTY**<br>**AND WAIVER OF ARRAIGNMENT** | Case Number<br>91-1861<br>CC-91-1862<br>91-1863<br>91-1864 |
|---|---|---|
| Form C-69    Rev  6/83 | | |

IN THE __Circuit__ COURT OF __Montgomery__ COUNTY

STATE OF ALABAMA v. __D. C. Echols__

COMES NOW the Defendant in the above styled matter, and to the offense charged enters a plea of Not Guilty

__Code of Alabama (1975) §13 A-6-66 (2 counts), 63-61__

Defendant further waives the right to have an Arraignment at which the Defendant is present in person, or at which the Defendant is represented by an attorney.

But, the Defendant specifically and expressly reserves the right upon the filing hereof to hereafter, but before trial or before such date as may be set by the Court, to interpose any special pleas or additional pleadings which the Defendant had the right as a matter of law or rule to interpose in this cause, prior to the filing hereof.

Defendant's date of birth is __June 15, 1957__. Defendant's age is __34__

The Defendant is not eligible for consideration by the Court for Youthful Offender status as provided by law.

__8-27-91__
Date

__8-27-91__
Date

__D.C. Echols__
Defendant

__Christopher J. Hughes__
Attorney for Defendant

This is to certify that I am the Attorney for the Defendant in this matter, and that I have fully explained this form and all matters set forth herein, and pertaining hereto, to the Defendant. I further state to the Court that I have explained to the Defendant his right to be Arraigned in person and his right to have me represent him at Arraignment. I further certify to the Court that my client hereby knowingly, voluntarily, and intelligently waives these rights after a full and complete explanation of each and every one of them to him by me. BOTH MYSELF AND THE DEFENDANT UNDERSTAND THAT I AM RESPONSIBLE FOR ASCERTAINING WHAT DATE, IF ANY, HAS BEEN SET BY THE COURT FOR THE MAKING OR FILING OF ANY ADDITIONAL PLEADINGS OR SPECIAL PLEAS. I FURTHER UNDERSTAND THAT I AM RESPONSIBLE FOR NOTIFYING MY CLIENT OF THE DATE HIS CASE IS SET FOR TRIAL, AND THAT I HAVE ADVISED AND INFORMED HIM THAT IN THE EVENT HE FAILS TO APPEAR ON THE DATE HIS CASE IS SET FOR TRIAL, ALL APPROPRIATE LEGAL ACTION WILL BE TAKEN BY THE COURT AGAINST THE DEFENDANT AND HIS BOND. I further certify to the Court that I have advised my client that he is responsible for obtaining the date his case is set for trial in this matter and that in the event he fails to appear on the date his case is set for trial all appropriate legal action will be taken by the Court against the Defendant and his bond, and I hereby certify that the Defendant knows that he is personally responsible for obtaining the date his case is set for trial and for being present in Court on that date.

__8-27-91__
Date

Attorney for Defendant Signature

__Christopher J. Hughes__
Printed Attorney's Name

__250 Commerce St., Montgomery__
Address

This is to certify that my Attorney has explained each and every matter and right set forth in this form and I have completely and fully read and do so understand each and every matter set forth in this form. I further state to the Court that I do not wish to be personally present at an Arraignment in this case and that I do not want to have an Attorney represent me at an Arraignment and WITH FULL KNOWLEDGE OF EACH OF THESE RIGHTS, I HEREBY EXPRESSLY WAIVE SUCH RIGHTS. I further state to the Court that I have been informed of the charge against me.

__8-27-51__
Date

__D.C. Echols__
Defendant Signature

Filed in office this date _____

By: _____

Clerk

COURT RECORD (Original)    DEFENDANT (Copy)    ATTORNEY (Copy)

Copy

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**



RELEASED
JUN 22 2007
CLERK
ALA COURT CRIMINAL APPEALS

**PAMELA W. BASCHAB**
**Presiding Judge**
**H.W."BUCKY" McMILLAN**
**GREG SHAW**
**A. KELLI WISE**
**SAMUEL HENRY WELCH**
**Judges**

Lane W. Mann
**Clerk**
Gerri Robinson
**Assistant Clerk**
**(334) 242-4590**
Fax (334) 242-4689

## MEMORANDUM

CR-06-0962              Montgomery Circuit Court CC-91-1861.62

<u>D.C. Echols v. State of Alabama</u>

WELCH, Judge.

D.C. Echols appeals from the circuit court's summary denial of his Rule 32, Ala. R. Crim. P., petition for postconviction relief. The petition challenged Echols's October 22, 1991, conviction for first-degree sodomy and his November 15, 1991, sentence to twenty-one years' imprisonment.

The instant Rule 32 petition, Echols's third, was filed on December 29, 2006. In the petition, Echols claimed that the circuit court was without jurisdiction to render the judgment or to impose the sentence because, (1) the indictment was defective, and (2) the court's oral charge to the jury failed to include the statutorily-required elements for the

1

Copy

indictment to hold the title of "True Bill." The State filed a motion to dismiss the petition asserting that the petition was procedurally barred by Rule 32.2(b)(successive); Rule 32.2(c)(beyond the limitations period); and because the petition did not sufficiently plead facts entitling Echols to relief, Rule 32.3. After receipt of the State's motion to dismiss, the circuit court issued an order denying the petition by ruling that the petition was successive and time-barred.

Echols has appealed reiterating the claims alleged in his petition.

Although couched in jurisdictional terms, Echols's defective indictment claim is not truly jurisdictional and therefore subject to the procedural bars of Rule 32, Ala. R. Crim. P. See Ex parte Seymour, 946 So. 2d 536 (Ala. 2006) (the validity of an indictment is "irrelevant" to a circuit court's subject-matter jurisdiction). Likewise, Echols's challenge to the court's oral charge to the jury is not a jurisdictional issue. See Siler v. State, 705 So. 2d 552, 558 (Ala. Crim. App. 1997) (failure to object to the trial court's instruction to the jury before the jury retires to deliberate waives any alleged error for review); and Payne v. State, 791 So. 2d 383 (Ala. Crim. App. 1999) (challenge to trial court's instruction procedurally barred). Therefore, Echols's claims are precluded: by Rule 32.2(c), because the petition was filed long after the expiration of the limitations period and by Rule 32.2(b), because this is a successive petition and Echols has failed to show that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice. Thus, summary disposition was appropriate.

For the foregoing reasons, the judgment of the circuit court is due to be affirmed.

AFFIRMED.

Baschab, P.J., and McMillan, Shaw, and Wise, JJ., concur.

2

# IN THE SUPREME COURT OF ALABAMA



November 9, 2007

**1061504**

Ex parte D.C. Echols.  PETITION FOR WRIT OF CERTIORARI TO THE COURT
OF CRIMINAL APPEALS  (In re: D.C. Echols v. State of Alabama)   (Montgomery
Circuit Court: CC91-1861.62; Criminal Appeals : CR-06-0962).

## CERTIFICATE OF JUDGMENT

### Writ Denied

The above cause having been duly submitted, IT IS CONSIDERED AND
ORDERED that the petition for writ of certiorari is denied.

SEE, J. -  Lyons, Woodall, Smith, and Parker, JJ., concur.  Cobb, C.J., recuses
herself.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.
Witness my hand this _9th_ day of _November, 2007_

*Robert G. Esdale Sr.*

Clerk, Supreme Court of Alabama

/bb

*Medical Forms w/ Pages 7 from Jury's Consideration during Their Deliberation Entered Exhibits (A and B) in court's transcript*

HUMANA HOSPITAL - MONTGOMERY
301 SOUTH RIPLEY, MONTGOMERY, AL 36104

| Patient No. | P.T. | Admit Date | Admit Time | FC | Age | Date of Birth | Sex | Marital Stat | RC | Physician No | Physician Name |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 03029900-2 | E | 5/26/91 | 01:20PM | P | 015 | 2/14/76 | F | 1 | N | 11369 | DECARO, THOMAS |

Patient Name and Address    Location:ER

| Patient Name and Address | | Social Security No | Patient's Employer | | Medical Record |
|---|---|---|---|---|---|
| FERRELL, APRIL | 100 | 222222222 | NONE | | 000000 |
| 28 2ND STREET | | Phone | NONE | | 20528 |
| MONTGOMERY  AL 36108 | MGM | 2052630767 | MONTGOMERY  AL 36104 | | NONE |

| Guarantor Name and Address | Relation | Guarantor Employer | Phone |
|---|---|---|---|
| FERRELL, D C | FATHER | PAINTER | 20526 |
| 28 2ND STREET | 422807774 | 28 2ND STREET | |
| MONTGOMERY  AL 36108 | 2052630767 | MONTGOMERY  AL 36104 | PAINT |

| Carrier No. | Name | Insured | Birth Mo/Day | Relation | Effective Date | Group No | Cert. No. | Policy H8 |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| Nature of Accident | | On Job | Where | | Date |
|---|---|---|---|---|---|
| MOLESTED BY FATHER | | N | HOME | | 5/26/91 |

| Chief Complaint | Next of Kin | Relation |
|---|---|---|
| MOLESTED | WRIGHT, JEAN | MO |
| Comments | HWAY 31 | |
| | MONTGOMERY  AL 36104 | 205262 |
| Requested by LJK | | |

| Pre Certification No. | Allergies | NKA | LMP 15th Month u T D | Last Tetanus | TIME ON ADMIT | TEMP | PULSE | RESP |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

Nurse Assessment - Time:                    Current Meds.

*See Triage Sheet*

Signature

MODE OF ARR.

Walk
Carried
Ambulance
Police
Rescue Squad
W/C

Physician Assessment - Time:

2:30  Pt. allegedly sexually abused
by father. Denies vaginal penetration
LMP 1st of May.

HEENT - Neuro intact, Neck supple,
Pharynx clear -
Chest - Clear to ausc
Breasts - Abrasion @ superior
breast, No ___, or DK.
CARD. RRR ___
Abd - soft, no ___,
___ BS ___ Ab.

| TIME | ORDERS | |
|---|---|---|
| | CBC | |
| | U/A | |
| | ABG | |
| | EKG | |
| | SMA | |
| | Preg | |
| | O2 | |
| | Monitor | |

HEENT - Neuro intact, Neck supple,
Pharynx clear -
Chest - Clear to ausc
Breasts - Abrasion ® superior
breast, no [illegible], or D/C.
Card. RRR s̄ ® m̄.
Abd - soft, no [illegible],
active BS. Abrasion over
perineal [illegible] ring. area -
Pelvic - mild white D/C , no
edema or ecchy , no lesions
Vaginal exam deferred

CERTIFIED EMERGENCY YES ✓ NO ___

Ext - ↑ c̄ on ecchy ® upper arm , ® lower leg.

| TIME | ORDERS |
|------|--------|
| | ☐ CBC |
| | ☐ U/A |
| | ☐ ABG |
| | ☐ EKG |
| | ☐ SMA |
| | ☐ Preg |
| | ☐ O₂ |
| | ☐ Monitor |
| | |
| | |
| | |
| | ☐ CXR |

| MEDICATION/DOSE/TREATMENT/I.V. | ROUTE/SITE | SIGNATURE | RESPONSE |
|---|---|---|---|
| Fac daily + as per youth office | | | |
| Wash abrasions ↑ D | | | |

| Diagnosis | | Code | Physician Signature |
|---|---|---|---|
| Alleged Sexual abuse - | | | Nurse Signature |

| Referral Physician Notified | Response | Referral Physician Notified | Response | Other Signature (if needed) |
|---|---|---|---|---|



**Humana Hospital-Montgomery**

TERRELL, APRIL
02/14/76
DR. DECARO

## EMERGENCY TRIAGE AND NURSING ASSESSMENT  15*/6*

| 1) Red Immediate | 2) Yellow Urgent | 3) Green Non-urgent | 4) Blue Non-Emergent |
|---|---|---|---|

| ER NURSE ASSESSMENT | TIME | NURSING INTERVENTIONS |
|---|---|---|
| S:Assessment Time: 1295 ☑PM Data Source: pt, mother | | P.NURSING DIAGNOSIS anxiety |
| TEMP: 98⁶ PULSE: 78 RESP.: 20 BP:132/78 | | |
| LMP: First of month DET.TOX.: UTD· | | NCP: explain procedure |
| ALLERGIES: NKDA | | |
| HOME MEDS: none | | |
| Chief Complaint: Molested by Father | | PT. INFORMATION [Information Given To Patient And Family / Process Of Treatment Times.] exam |
| Onset Present Illness or Accident: 430AM Tdy | | |
| Treatment Prior to Arrival: went to Prattville Hosp → HH | | I:NURSING INTERVENTION: |
| Past History: none | 1310 | to treatment area — states pt his hands up in her — and his mouth on her — did not have intercourse with her — pt Mother giving most information |
| **O:LEVEL OF CONSCIOUSNESS:** | | |
| Comatose  Semicomatose  Drowsy  Alert | | |
| TIME:  Oriented  Disoriented | | Copy of record to Mont. |
| PLACE:  Oriented  Disoriented | | Police Dept as req. |
| PERSON:  Oriented  Disoriented | | |
| **GENERAL APPEARANCE: (Physical Findings - Symptoms)** | | |
| Skin: W&D  Pain: None  Resp: Normal  Bleeding: None | | |
| Diaphoretic  Minimal  Dyspnea  Minimal | | |
| Cool & Clammy  Moderate  Apnea  Moderate | | |
| Cyanotic  Severe  Other  Profuse | | |
| Pale  Radiating | | |
| Flushed  Non-radiating | | |
| Jaundiced | | |
| A:ASSESSMENT OF CHIEF COMPLAINT: WF self ambulating, accomp by family. | | E:EVALUATION: stable |
| | | NURSE'S SIGNATURE |
| | | B.M. Gregg, R.N. |

He-M 1 0335 \ 10-89