IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DC ECHOLS, #165 602              *

    Petitioner,                  *

    v.                           *        2:07-CV-1043-MHT
                                          (WO)
LEON FORNISS, *et al*.,          *

    Respondents.                 *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, DC Echols ["Echols"], is currently confined at the Staton Correctional Facility in Elmore, Alabama. He files this petition for writ of habeas corpus seeking once again to challenge his 1991 conviction for first degree sodomy entered against him by the Circuit Court for Montgomery County, Alabama. Echols is serving a 21-year term of imprisonment for this conviction.

The instant petition represents Echols' third attempt at challenging the merits of his 1991 conviction. By order entered December 11, 1992 this court denied and dismissed on the merits Echols' first application for habeas corpus relief in which he sought to challenge his 1991 first degree sodomy conviction. *See Echols v. Mosley*, Civil Action No. 2:92-CV-875-WHA (M.D. Ala. 1992). By order entered November 7, 1995, this court dismissed Echols' second application for habeas relief as an abuse of the writ under Rule 9(b), *Rules Governing Section 2254 Cases in the United States District Courts*. *See Echols v. Davis*,

Civil Action No. 2:95-CV-960-ID (M.D. Ala. 1995).

## DISCUSSION

Echols may file a successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3);[1] *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996). The pending application is a successive one. Before this court may consider the pending petition, the United States Court of Appeals for the Eleventh Circuit must enter an order authorizing this court to consider Echols' application for habeas corpus relief. 28 U.S.C. § 2244(b)(3)(A).[2]

It is clear from the petition filed in this case that Echols has not received an order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive application for habeas corpus relief. "Because this undertaking would be Petitioner's second habeas corpus petition and because he ha[s] no permission from [the Eleventh Circuit] to file a second habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).

This court lacks jurisdiction to consider Echols' successive petition for habeas corpus

---

[1] 28 U.S.C. § 2244(b)(3)(B) provides, as amended, that: "[A] motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals."

[2] 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant *shall move in the appropriate court of appeals for an order authorizing the district court to consider the application*." (emphasis added).

relief, and it is, therefore, due to be summarily dismissed.[3]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the application for habeas corpus relief filed by DC Echols be DISMISSED without prejudice as this court is without jurisdiction to review the instant petition.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **December 26, 2007**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein*

---

[3] Under the amendments to 28 U.S.C. § 2254, a second or successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of December, 2007.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE