In The United States District Court For the Middle District Of Alabama, Northern Division

D C Echols,
    Petitioner,

vs

Leon Forniss, Warden
    Respondant,

District Court No.# 2:07-CV-1043-MHT

Objection To Magistrate Judge Recommendation Of December 12, 2007

Petitioner, D C Echols is hereby filing this written objection to the Magistrate Judge Recommendation received on December 13, 2007.

On or in 1992, petitioner filed his first Writ of Habeas Corpus. On December 11, 1992, was denied and dismissed for failure to show on petitioner's part a "Plain Err" or a "Manifested Miscarriage of Justice", that petitioner issues were without merits and petition was denied and dismissed "Without prejudice. See Echols v. Mosley, Civil Action No. 2:92-CV-875-WHA (M.D. Ala. 1992).

In 1995, petitioner filed his second Writ for Habeas Corpus which was never granted permission to proceed, in Court Order to deny and dismiss Application As "Abuse Of Writ", November 7, 1995, under

1.

Rule 9(b) Rules Governing Section 2254 Cases in the United States District Courts. Civil Action No.# 2:95-cv-960-ID (M.D. Ala. 1995).

Wherefore, petitioner contends that, by second application never being granted permission to proceed is "irrelevant" to this current application for Habeas Corpus Review, where no rulings on the merits was ever adjudicated.

Also petitioner contends that, the current application should be treated as a continuing condition under the first application because, this Court's order of first application stated; "petitioner failed to show "Plain Err" or a "Manifested Miscarriage of Justice", and that petitioner's issues were without merits." The final order stating; "that petitioner is hereby denied and dismissed "Without Prejudice".

Thereby, this court has never lost jurisdiction over any claims or issues dealing with subject-matter jurisdiction issues.

In United States v. Cotton, 535 US 625, 630-31, 122 S.ct. 1781, 152 L.Ed. 2d 860 (2002),(Subject-matter jurisdiction refers to a court's "Statutory or Constitutional power" to Adjudicate a case.) The language "Jurisdiction to render judgement" refers to a court's jurisdiction over the subject-matter ... And goes only to the merits of a case. Lamar v. United States, 240 US 60, 64, 36 S.ct. 255, 60 L.Ed 526 (1916).

Wherefore, The Magistrate Judge, in his Recommendation, was mistaken when stating; The petitioner's first Application was denied on its merits, when the order stated; petitioner's issues was "without merits". Furthermore, it was denied and dismissed "Without Prejudice". Which means; petitioner should be Allowed A Review if, petitioner has shown that the trial court "Plain Err" or that A practice by the trial court was A "Manifested Miscarriage of Justice".

Done this 23rd day of December 2007.

                                            _DC Echols #165602_
                                            Petitioner's Signature

### Amended Note: Extension of Time

Petitioner requests and extension of time for The Eleventh Circuit Court of Appeals to Authorize this court permission to review petitioner's Application for Habeas Corpus Relief.

                                            _DC Echols_
                                            Submitted By

BC Echols  165603
P.O. Box 56  B-144A
Elmore, Ala. 36025



Office Of The Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711