IN THE DISTRICT COURT OF THE UNITED STATES FOR

THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DC ECHOLS,
    PETITIONER,

VS.                                CASE NO: 2:07-CV-01043-MHT-CSC
LEON FORNISS, WARDEN
AND TROY KING, ATTORNEY
GENERAL OF THE STATE OF
    ALABAMA,
        RESPONDANTS,

MOTION : OBJECTING TO JUDGEMENT OF JANUARY 15, 2008
FEES AND COST, THAT ARE COLLATERAL TO THE MERIT. (1)(b)

---

The Petitioner, by and through himself (pro-se) in the above-styled cause, objects to the Judgement entered on January 15th. 2008, which taxed the petitioner. This order was directed to be entered on the civil docket as a final judgement pursuant to Rule 58 of the Fed.R. Civ. P.

Petitioner now brings **this** objection to being taxed for this judgement which is to fewer than to all claims and would be collateral to the merits to petitioner's application.

Petitioner admits that this was a procedural default on behalf of the petitioner, by a misunderstanding of the court's ruling " Without prejudice" on petitioner's first application, Civil Action No: 2:92-CV-875-WHA (M.D.1992). In which, this court contains jurisdiction, over issues that is collateral to claims raised in first application, as stated:

(1)

<u>Cohen V. Benefical Indus. Lon Crop.</u>, 337 U.S. 541, 546, 69 S. Ct. 1221, 1225-26, 93 L.Ed.2d. 1528 (1949), explains: The Supreme Court created the collateral order doctrine permitting review of an interlocutory order if it involves a separate claim that has been conclusively determined and is collateral to the merits, to important to defer review untill a final decision has been rendered. The court restated its position in <u>Coopers & Lybrand V. Livesay</u>, 437 U.S. 463, 468, 98 S. Ct. 2457-58, 57 L.Ed.2d. 351 (1978), allowing review of non-final orders which conclusively ddetermine a disputed question, resolve an important issue completely separate from the merits, and are effectively unreviewable on appeal from final judgement.

In <u>Williams V. Bishop</u>, 732 F.2d. 885-86 (11th. Cir. 1984.) under Court's 99f1. A court that established law of case could elect to review its earlier decision and change it if one of (3)three exceptional circumstances exist; evidence on subsequent trial was substantially different, controlling authority has intervened or earlier decision was clearly erroneous and would work manifest injustice.

Also, under Actual Innocence doctrine, The United States Supreme Court has recognized that a habeas petitioner's failure to comply with procedural requirements may be excused in a narrow category of cases the court has deemed :Fundamental Miscariage(s) of Justice". <u>Coleman V. Thomas</u>, 501 U.S. 722, 750 (1991).

A fundamental miscarriage of justice occurs when a constitutional violation " probably has caused the conviction of one who is actually innocent of the crime".
**Schlup V. Delo**, 513 U.S. 298, 325 (1995), also at 315 (quoting) **Herrera V. Collins,** 506 U.S. 390, 404 (1993), When an individual makes a colorable claim of actual innocence, court's will forgive procedural defaults and hear habeas petition.

WHEREBY, this court should amend its Judgement of January 15, 2008, and review Petitioner's Application, as here, except for trial court's violation of constitutional violations, no reason jury would have found petitioner guilty, for a crime that he is innocent of.

Done this 23rd. day of January, 2008.

Submitted By

DC Echols #165602
Petitioner's Signature

(3)

DC Echols  165602
P.O. Box 56   B-144 A
Elmore, Alabama 36025

MONTGOMERY AL 361
24 JAN 2008 PM 2 L

Office Of The Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711