IN THE DISTRICT COURT OF THE UNITED STATES FOR

THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

D C Echols
    Petitioner,

vs.                              Case No: 2:07-CV-1043-MHT-

Leon Forniss, Warden
And Troy King, Attorney General
Of The State Of Alabama.
    Respondent.

## NOTICE OF APPEAL
## TO THE JUDGEMENT OF JANUARY 15, 2008, FEES AND COSTS, THAT ARE COLLETERAL TO THE MERITS: (1)(b).

    The Petitioner, by and through himself (pro-se) in the above styled cause, and files this appeal to the Judgement entered on January 15, 2008, which taxed the Petitioner. This order was directed to be entered on the Civil Docket as a final judgement pursuant to Rule 59 of the Fed.R.Civ.P..

    Petitioner now brings this Appeal to being taxed for this judgement which is to fewer than to all claims raised and would be collateral to the merits of Petitioner's Application.

    Petitioner filed an objection to this judgement on January 23, 2008, which was overruled, January 30, 2008.

    Petitioner admits that this was a procedural default on behalf of the Petitioner, by a misunderstanding of the court's ruling "Without Prejudice" on Petitioner's first application, Civil Action No: 2:92-CV-875-WHA (M.D. 1992). In which, this court

contains jurisdiction, over issues that is collateral to claims raised in first application, as stated: Cohen v. Benefical Indus. Lon Crop., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225-26, 93 L.Ed.2d. 1528 (1949), explains: The Supreme Court created the collateral order doctrine permitting review of an interlocutory order if it involves a separate claim that has been conclusively determined and is collateral to the merits, to important to defer review until a final decision has been rendered. The court restated its position in Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2457-58, 57 L.Ed.2d. 351 (1978), allowing review of non-final orders which conclusively determine a disputed question, resolve an important issue completely separate from the merits, and are effectively unreviewable on appeal from final judgement.

In Williams v. Bishop, 732 F.2d. 885-86 (11th. Cir. 1984) under Court's 99(1). A court that established law of case could elect to review its earlier decision and change it if one of (3) three exceptional circumstances exist; evidence on subsequent trial was substantially different, controlling authority has intervened, or earlier decision was clearly erroneous and would work manifest injustice.

Also, under Actual Innocence doctrine, The United States Supreme Court has recognized that a Habeas Petitioner's failure to comply with procedural requirements may be excused in a narrow category of cases the court has deemed: Fundamental Miscarriage (s) of Justice: Coleman v. Thomas, 501 U. S. 722, 750 (1991).

A fundamental miscarriage of justice occurs when a consttutional violation "probably has caused the conviction of one who is actually innocent of the crime." Schlup v. Delo, 513 U.S. 298, 325 (1995), also at 315 (quoting) Herrera v. Collins, 506

U.S. 390, 404 (1993), when an individual makes a colorable claim of actual innocence, court's will forgive procedural defaults and hear Habeas petition.

WHEREBY, this court should amend the judgement of January 15, 2008, and review Petitioner's Application, as here, except for trial court's violation of Constitutional violations, no reason jury would have found Petitioner guilty, for a crime that he is innocent of.

Done this 3RD day of February, 2008

Submitted by:

_____
Petitioner's Signature

DC Echols  165602
P.O. Box 56  B-144A
Elmore, Al. 36025

MONTGOMERY AL 361
04 FEB 2008 PM 2 T

Office OF The Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711