IN The District Court OF The United States For The Middle District OF Alabama, Northern Division

RECEIVED
2008 FEB 12 A 10: 29
DEBRA P. HACKETT, CL...
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

D.C. Echols,
    Petitioner,

VS.                                    CASE NO: 2:07-CV-1043-MHT

Leon Forniss, Warden
and Troy King, Attorney
General of the State
OF Alabama,
    Respondant's,

## Motion To Amend Courts Order

Comes Now the petitioner, by and through himself (pro-se) in the above styled cause, and requests this Honorable Court to Amend its order of February 6th, 2008, because of typing error, omitting a paragraph on behalf of petitioner. That this court adopts this motion as an Notice OF Appeal to this courts Judgment OF January 15, 2008.

Petitioner admits that this was a procedural default on behalf of the petitioner, by a misunderstanging of the court's Ruling "Without Prejudice" on petitioner's first Application, Civil Action No: 2:92-CV-875-WHA (M.D. 1992). In which, this court contained jurisdiction.

1.

Petitioner also contends, That the issues raised in this application is collateral to claims raised in first application for relief of conviction and sentence, and that the procedural default should be waived because petitioner is innocent of the crime, Also that the court's ruling would be fewer than to all claims raised and would be collateral to all the merits of petitioner's application, As stated in: Cohen v. Benefical Indus. Loan Crop., 337 US 541, 546, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 2d. 1528 (1949), explains; The Supreme Court created the collateral order doctrine permitting review of an interlocutory order if it involves a separate claim that has been conclusively determined and is collateral to the merits, to important to defer review untill a final decision has been rendered. The court restated its position in Coopers & Lybrand v. Livesay, 437 US 463, 468, 98 S.Ct. 2457-58, 57 L.Ed. 2d. 351 (1978), Allowing review of non-final orders which conclusively determine a disputed question, resolve an important issue completely separate from the merits, and are effectively unreviewable on appeal from final judgement.

Also, in Gillespie v. U.S. Steel Crop., 397 US 148, 153-54, 85 S.Ct. 308, 311-112, 13 L.Ed. 2d 199 (1964), provides: Even an order of marginal finality should be accorded immediate review if the question presented is fundamental to further conduct of the case.

2.

In Aversa v. US, 99 F.3d. 1200 (1st. Cir. 1996), (quoting) Rochin v. California, 342 US 165, 96 L.Ed. 183, 72 S.Ct. 205 (1952), substantive due process refers to certain actions that the government may not engage in, no matter how many procedural safeguards it employs. (Amendment 14 or XIV), Shall not deny any person within its jurisdiction the equal protection of the law.

Whereas, in William v. Bishop, 732 F.2d. 885-86 (11th. Cir. 1984), under Court's 99 (1), A court that established law of case could elect to review its earlier decision and change it if one of (3) three exceptional circumstances exist; evidence on subsequent trial was substantially different, controlling authority has intervened, or earlier decision was clearly erroneous and would work manifest injustice.

Also found, under Actual Innocence Doctrine, The United States Supreme Court has recognized that a habeas petitioner's failure to comply with procedural requirements may be excused in a narrow category of cases the court has deemed "Fundamental Miscarriage(s) of Justice." Coleman v. Thomas, 501 US 722, 750 (1991). A fundamental miscarriage of justice occurs when a constitutional violation "probably has caused the conviction of one who is actually innocent of the crime." Schlup v. Delo, 513 U.S. 298, 325 (1995), also at 315

(quoting, HERRERA v. Collins, 506 U.S. 390, 404 (1993), When an individual makes a colorable claim of actual innocence, court's will forgive procedural defaults and hear habeas petition.

Accordingly, this court should amend its order of February 6, 2008, and adopt this notice of appeal to the Judgement of January 15, 2008, as to a question of law as outlined here-in.

Done this 10th day of February, 2008.

Submitted By,
___DC Echols___
Petitioner's Signature

4.

DC Echols  165602
P.O. Box 56   B-144A
Elmore, Al. 36025

MONTGOMERY AL 361
11 FEB 2008 PM 2 L



"LET US DARE TO READ,
THINK, SPEAK A...
John Adams, 17...
41 USA

Office Of Clerk
United States Middle District Court
P.O. Box 711
Montgomery, AL...

36101+0711